UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| NATIONAL RIFLE ASSOCIATION OF AMERICA, INC. | * * | CIVIL ACTION NO. |
| | * | |
| SECOND AMENDMENT FOUNDATION, INC. | * * | 05-4234 |
| | * | SECTION "J" |
| v. | * | |
| | * | MAGISTRATE 2 |
| C. RAY NAGIN, Mayor of New Orleans | * * | |
| P. EDWIN COMPASS III, Superintendent Of Police, New Orleans | * * * | |
| JACK STRAIN, JR., Sheriff, St. Tammany Parish | * * * | |
| JOHN DOES I-VI, Sheriff's Deputies, St. Tammany Parish | * * | |

**DEFENDANTS' RULE 12(b)(1) AND 12(b)(6) MOTION TO DISMISS
FOR LACK OF SUBJECT MATTER JURISDICTION
AND FOR FAILURE TO STATE A VIABLE CLAIM**

NOW INTO COURT, through undersigned counsel, come defendants, C. Ray Nagin and P. Edwin Compass, III, who move for dismissal of the plaintiffs' claims against them for lack of subject matter jurisdiction under F.R.C.P. Rule 12 (b)(1), and for plaintiffs' failure to state a claim upon which relief could be granted under F.R.C.P. Rule 12 (b)(6). The defendants' memorandum in support of this motion is attached.

Respectfully submitted,

Joseph V. DiRosa, Jr., La. Bar # 4989
*Chief Deputy City Attorney*
Franz L. Zibilich, La. Bar # 14914
*Associate City Attorney*
Heather M. Valliant, La. Bar # 24680
*Assistant City Attorney*

___ Fee_____
___ Process_____
_X_ Dktd_____
_✓_ CtRmDep____
___ Doc. No____

             1300 Perdido Street, Room 5 E 03
             New Orleans, Louisiana  70112
             (504) 658-9800
             (504) 658-9868 (fax)

             Penya Moses-Fields, La. Bar. # 24850
             *City Attorney*

### **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing motion and supporting memorandum have been sent to counsel of record by depositing same in the United States Mail, postage prepaid and properly addressed, this _____ day of _____, 2006.

             _____

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| NATIONAL RIFLE ASSOCIATION OF AMERICA, INC. | * * * | CIVIL ACTION NO. |
| SECOND AMENDMENT FOUNDATION, INC. | * * | 05-4234 |
| v. | * * | SECTION "J" |
| C. RAY NAGIN, Mayor of New Orleans | * * | MAGISTRATE 2 |
| P. EDWIN COMPASS III, Superintendent Of Police, New Orleans | * * * | |
| JACK STRAIN, JR., Sheriff, St. Tammany Parish | * * * | |
| JOHN DOES I-VI, Sheriff's Deputies, St. Tammany Parish | * * * | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' RULE 12(b)(1) AND 12(b)(6) MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND FOR FAILURE TO STATE A VIABLE CLAIM**

NOW INTO COURT, through undersigned counsel, come defendants, C. Ray Nagin and P. Edwin Compass, III, who submit this memorandum in support of their motion for dismissal of the claims against them for lack of subject matter jurisdiction and for plaintiffs' failure to state a claim upon which relief could be granted.

The plaintiffs in this matter have asserted claims against the City for allegedly violating their "rights, privileges or immunities secured by the United States Constitution." Plaintiffs essentially claim that defendants Nagin and Compass, in their official capacities, have violated the Second Amendment's protection against the right to

bear arms. While their complaint contends that this Court has subject matter jurisdiction over their federal claims under 28 U.S.C. § 1331, the plaintiffs have no claim against a state or municipal actor for an alleged violation of the Second Amendment of the U.S. Constitution. Although plaintiffs also assert due-process, equal-protection, and search-and-seizure claims arising under the U.S. Constitution, none of these other claims stands without their Second Amendment claim. Because the plaintiffs cannot assert a claim against non-national actors for allegedly violating the Second Amendment, and because none of the remaining allegations state a claim for which relief may be granted, this Court has no subject matter jurisdiction, and all of plaintiffs' claims should be dismissed.

The plaintiff bears the burden of demonstrating that subject matter jurisdiction exists. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). An action arises under federal law to satisfy the jurisdictional requirements of 28 U.S.C. § 1331 if the plaintiff "'will be obliged to establish both the correctness and the applicability to his case of a proposition of federal law.'" *O'Quinn v. Manuel*, 773 F.2d 605, 607 (5th Cir. 1985) (*quoting* P. Bator, P. Mishkin, D. Shapiro & H. Wechsler, *The Federal Courts and the Federal System* 889 (2d ed. 1973)). Here, plaintiffs cannot establish that federal law applies to their claims against defendants Nagin and Compass. This Court therefore lacks subject-matter jurisdiction, and plaintiffs' cause of action should be dismissed.

Fatal to the plaintiffs' present claims is firmly established U.S. Supreme Court precedent that has held that *the Second Amendment does not apply to the States*. In *United States v. Cruikshank*, 92 U.S. 542, 553 (1875), the Court recognized: "The second amendment shall not be infringed; but this, as has been seen, means no more than

that it shall not be infringed by Congress. This is one of the amendments that has no other effect than to restrict the powers of the national government..."

The Supreme Court reaffirmed that the Second Amendment does not apply to the States, but applies only to the federal government, in *Presser v. Illinois*, 116 U.S. 252 (1886), and again in *Miller v. Texas*, 153 U.S. 535 (1894) ("[I]t is well settled that the restrictions of these amendments operate only upon the federal power, and have no reference whatever to proceedings in state courts.").

In the more than 100 years since the U.S. Supreme Court's initial consideration of the issue, U.S. Circuit Courts of Appeals, including the U.S. Fifth Circuit, have followed *Cruikshank* and its progeny. Following Supreme Court precedent, the Fifth Circuit in *United States v. Emerson*, 270 F.3d 203 (5th Cir. 2001), held that the second "amendment is a limitation only upon the power of congress and the national government, and not upon that of the state." And in *Fresno Rifle and Pistol Club, Inc. v. Van De Kamp*, 965 F.2d 723, 730 (9th Cir. 1992), the Ninth Circuit squarely recognized that the "Supreme Court has never held that the entire Bill of Rights is incorporated" into the Fourteenth Amendment as applying to the States. Indeed, "*Cruikshank* and *Presser* are still controlling." *Id.* at 731. *See also Quilici v. Village of Morton Grove*, 695 F.2d 261, 269-70 (7th Cir. 1982) (upholding a local ordinance that prohibited the possession of handguns in the village on the basis that *Presser* is controlling). "Until such time as *Cruikshank and Presser* are overturned, the Second Amendment limits only federal action, and we affirm the district court's decision 'that the Second Amendment stays the hand of the National Government only.' " *Fresno Rifle*, 965 F.2d at 931.

This issue is settled;[1] nonetheless, the NRA recently participated as *amicus curiae* in another unsuccessful challenged to U.S. Supreme Court precent.

In *Nordyke v. King*, the NRA filed a brief as amicus curiae with the U.S. Supreme Court arguing that the Second Amendment guarantees the same type of "individual right" that many other amendments in the Bill of Rights guaranty. The NRA's brief states: "While there is no conflict between the circuits on this issue, the issue of applicability of the Second Amendment to the States through the Fourteenth Amendment is an important question of federal constitutional law that has not been, but should be, settled by this Court." 2004 WL 1944007 at *3. Despite the NRA's appeal, the U.S. Supreme Court denied the petitioner's writ of certiorari. *Nordyke v. King*, 125 U.S. 60 (2004).[2]

The flaw in the NRA's argument is that the Second Amendment applies *against* only the federal government; it does not apply to the States through the Fourteenth Amendment because the right to keep and bear arms has never been recognized as a fundamental *individual* right. *See United States v. Miller*, 307 U.S. 174, 59 S.Ct. 816, 83 L.Ed. 1206 (1939) ("In the absence of any evidence tending to show that possession or

---

[1] Numerous other courts have recognized that the Fourteenth Amendment does not incorporate the Second Amendment. *See, e.g., Peoples Rights Org., Inc. v. City of Columbus*, 152 F.3d 522, 538 n.18 (6th Cir. 1998) ("The Supreme Court has held that the Due Process Clause of the Fourteenth Amendment does not incorporate the Second Amendment; hence, the restrictions of the Second Amendment operate only upon the Federal Government."); *Cases v. U.S.*, 131 F.2d 916, 921 (1st Cir. 1942), *cert. denied sub nom Velazquez v. United States*, 319 U.S. 770, 63 S.Ct. 1431, 87 L.Ed. 1718 (1943) ("The right to keep and bear arms is not a right conferred upon the people by the federal constitution. Whatever rights in this respect the people may have depend upon local legislation; the only function of the Second Amendment being to prevent the federal government and the federal government only from infringing that right."); *Nollet v. Justices of Trial Court of Com. Of Mass.*, 83 F.Supp.2d 204 (D. Mass. 2000), *aff'd*, 248 F.3d 1127 (1st Cir. 2000) (dismissing plaintiffs' Second Amendment claim "because the Second Amendment applies only to the federal government and not to the states."); *Kampf v. Kampf*, 237 Mich. App. 377, 383 n.2, 603 N.W.2d 295, 298 n.2 (1999) ("The Second Amendment of the federal constitution does not apply to the states."); *Citizens for a Safer Community v. City of Rochester*, 164 Misc. 2d 822, 827, 627 N.Y.S.2d 193 (1994) ("[I]t has been universally held that the Second Amendment guarantees no right to keep and bear a firearm if it does not have some reasonable relationship to the preservation or efficiency of a well-regulated militia[.]"); *State ex rel. Oklahoma State Bureau of Investigation v. Warren*, 1998 OK 133, 975 P.2d 900, 902 (1998) ("[T]here is no absolute common-law or constitutional right to carry loaded weapons at all times and in all circumstances.").

[2] The NRA's brief is found at 2005 WL 1944007.

4

use of a 'shotgun having a barrel of less than eighteen inches in length' has some reasonable relationship to the preservation or efficiency of a well regulated militia, we cannot say that the Second Amendment guarantees the right to keep and bear such an instrument."); *United States v. Swinton*, 521 F.2d 1255, 1259 (10th Cir. 1975), *cert. denied*, 424 U.S. 918, 96 S.Ct. 1121 (1976) ("there is no absolute constitutional right of an individual to possess a firearm."); *Gillespie v. City of Indianapolis*, 185 F.3d 693, 710 (7th Cir.), *cert. denied*, 528 U.S. 1116, 120 S.Ct. 934, 145 L.Ed.2d 813 (1999) ("The link that the [second] amendment draws between the ability 'to keep and bear Arms' and '[a] well regulated Militia' suggests that the right protected is limited, one that inures not to the individual but to the people collectively, its reach extending so far as is necessary to protect their common interest in protection by a militia."); *Peoples Rights Org., Inc. v. City of Columbus*, 152 F.3d 522, 538 n.18 (6th Cir. 1998) ("This circuit has explained that "the Second Amendment guarantees a collective rather than an individual right."); *United States v. Toner*, 728 F.2d 115, 128 (2d Cir. 1984) ("[T]he right to possess a gun is clearly not a fundamental right.").

Because the Second Amendment does not represent a fundamental individual right that is incorporated into the Fourteenth Amendment as applying to the States, the states, and by extension their political subdivisions, are free to proscribe the possession of firearms, not only because the Second Amendment does not prohibit it but also pursuant to the emergency powers granted to the State and municipality during a state of emergency. *See* La. R.S. 29:724; La. R.S. 29:737; La. R.S. 14:329.6 A(6); Home Rule Charter of the City of New Orleans, § 4-206(3)(d).

The NRA and the Second Amendment Foundation, Inc. presumably are keenly aware of the U.S. Supreme Court precedent and its progeny holding that the Second Amendment *does not* apply to the states, and by extension to a state's political subdivisions. Plaintiffs therefore have no basis for asserting allegations of Second Amendment violations against Nagin and Compass, as municipal officials, and they wastes this Court's valuable time and resources in arguing otherwise.

## CONCLUSION

This Court has no subject matter jurisdiction over the plaintiffs' Second Amendment claim asserted against defendants Nagin and Compass and have failed to state any claims upon which relief may be granted. Defendants, therefore, respectfully request that the Court dismiss the plaintiffs' case.

Respectfully submitted,

_____
Joseph V. DiRosa, Jr., La. Bar # 4959
*Chief Deputy City Attorney*
Franz L. Zibilich, La. Bar # _____
*Associate City Attorney*
Heather M. Valliant, La. Bar # 24680
*Assistant City Attorney*
1300 Perdido Street, Room 5 E 03
New Orleans, Louisiana 70112
(504) 658-9800
(504) 658-9868 (fax)

Penya Moses-Fields, La. Bar # 24850
*City Attorney*

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing motion and supporting memorandum have been sent to counsel of record by depositing same in the United States Mail, postage prepaid and properly addressed, this ____ day of _____, 2006.

_____

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| NATIONAL RIFLE ASSOCIATION OF AMERICA, INC. | * * | CIVIL ACTION NO. |
| | * | |
| SECOND AMENDMENT FOUNDATION, INC. | * * | 05-4234 |
| | * | SECTION "J" |
| v. | * | |
| | * | MAGISTRATE 2 |
| C. RAY NAGIN, Mayor of New Orleans | * * | |
| P. EDWIN COMPASS III, Superintendent Of Police, New Orleans | * * * | |
| JACK STRAIN, JR., Sheriff, St. Tammany Parish | * * * | |
| JOHN DOES I-VI, Sheriff's Deputies, St. Tammany Parish | * * | |

## NOTICE OF HEARING

Notice is hereby given that the F.R.C.P. 12(b)(1) and 12(b)(6) motion to dismiss filed on behalf of defendants, C. Ray Nagin and P. Edwin Compass, III, is set to be heard before the Honorable Judge Carl J. Barbier on the 15th day of March, 2006, at ~~10:00~~ 9:30 o'clock a.m.

Joseph V. DiRosa, Jr., La. Bar # 4959
*Chief Deputy City Attorney*
Franz L. Zibilich, La. Bar # 14914
*Associate City Attorney*
Heather M. Valliant, La. Bar # 24680
*Assistant City Attorney*
1300 Perdido Street, Room 5 E 03
New Orleans, Louisiana 70112
(504) 658-9800
(504) 658-9868 (fax)

Penya Moses-Fields, La. Bar # 24850
*City Attorney*