

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| NATIONAL RIFLE ASSOCIATION OF AMERICA, INC. | * * * | CIVIL ACTION NO. |
| SECOND AMENDMENT FOUNDATION, INC. | * * | 05-4234 |
| v. | * * | SECTION "J" |
| C. RAY NAGIN, Mayor of New Orleans | * * | MAGISTRATE 2 |
| P. EDWIN COMPASS III, Superintendent Of Police, New Orleans | * * * | |
| JACK STRAIN, JR., Sheriff, St. Tammany Parish | * * * | |
| JOHN DOES I-VI, Sheriff's Deputies, St. Tammany Parish | * * * | |

### DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR CONTEMPT

NOW INTO COURT come defendants, C. Ray Nagin and Warren Riley, who oppose the plaintiffs' motion for contempt because plaintiffs have failed to show that these defendants have, in fact, violated any order.

The plaintiffs argue that because Superintendent Compass was recorded by the media as saying that weapons will be confiscated, the NOPD has violated the parties' consent decree. This is not the case. Indeed, the ABC news clip that plaintiffs have attached as Exhibit B to their memorandum in support of the motion for contempt shows the National Guard, not the NOPD, searching people's houses and making arrests.

___ Fee ___
___ Process ___
_X_ Dktd ___
_✓_ CtRmDep ___
___ Doc. No. ___

Moreover, the ABC news story aired on September 8, 2005, two weeks *before* the consent decree was issued.

Plaintiffs have also attached a few affidavits of civilians attesting that some law enforcement officer has confiscated their weapons. Defendants have been unable to locate any such weapons in possession of the New Orleans Police Department and, despite the passage of six months, have been unable to find any support for the notion that any violations of the consent decree have occurred since its entry.

Defendants cannot return property which is not in their possession. The civilians who have executed these affidavits fail to provide the identity of a single employee of either the New Orleans Police Department or the City of New Orleans who is responsible for the seizure of a weapon, either before or after the consent decree.

## CONCLUSION

The affidavits submitted by plaintiffs in support of the motion for contempt, while vague and non-specific as to the alleged defendant/actors, describe incidents which are alleged to have occurred during a period of time and under circumstances which no longer exist. Each alleged incident, if taken as true, occurred prior to the entry of the consent decree.

Even the parties have changed. Edwin Compass, who is alleged to have made the statements which spurred this litigation, no longer heads the New Orleans Police Department, having since been replaced by Warren Riley.

Assuming *arguendo* that the allegations of the affidavits are correct and, assuming further despite supporting evidence, that members of the New Orleans Police Department actually confiscated weapons from the affiants, record keeping during those times were

spotty at best. The entire New Orleans Police Department complex had been abandoned due to the flood waters, including the Central Property and Evidence Room located below ground in the basement of the building. Furthermore, affiants have yet to provide any proof of ownership or even identifying information on the weapons allegedly seized.

Plaintiffs' motion for contempt should, therefore, be dismissed as defendants herein cannot be shown to be in willful violation of the orders of this court.

Respectfully submitted,

*[signature]*

Joseph V. DiRosa, Jr., La. Bar # 4959
*Chief Deputy City Attorney*
Franz L. Zibilich, La. Bar #
*Associate City Attorney*
Heather M. Valliant, La. Bar # 24680
*Assistant City Attorney*
1300 Perdido Street, Room 5 E 03
New Orleans, Louisiana 70112
(504) 658-9800
(504) 658-9868 (fax)

Penya Moses-Fields, La. Bar. # 24850
*City Attorney*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing motion and supporting memorandum have been sent to counsel of record by depositing same in the United States Mail, postage prepaid and properly addressed, this 9th day of March, 2006.

*[signature]*

3