FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 SEP 21  PM 4:42

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| NATIONAL RIFLE ASSOCIATION OF AMERICA, INC. | * | CIVIL ACTION NO. |
| | * | |
| | * | 05-4234 |
| SECOND AMENDMENT FOUNDATION, INC. | * | |
| | * | SECTION "J" |
| v. | * | |
| | * | MAGISTRATE 2 |
| C. RAY NAGIN, Mayor of New Orleans | * | |
| | * | |
| P. EDWIN COMPASS III, Superintendent Of Police, New Orleans | * | |
| | * | |
| JACK STRAIN, JR., Sheriff, St. Tammany Parish | * | |
| | * | |
| JOHN DOES I-VI, Sheriff's Deputies, St. Tammany Parish | * | |
| | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

### ANSWER

**NOW INTO COURT**, come defendants, C. Ray Nagin, appearing herein solely in his official capacity as Mayor of the City of New Orleans, and Warren Riley, appearing herein solely in his official capacity as Superintendent of the Department of Police of the City of New Orleans, and for answer to plaintiffs' Complaint, respond as follows:

### FIRST DEFENSE

The complaint fails to state a claim upon which relief can be granted.

Fee _____
Process _____
X  Dktd _____
CtRmDep _____
Doc. No _____

## SECOND DEFENSE

Any and all actions taken by the defendants named hereinabove were reasonable under the circumstances and were undertaken in accordance with the laws of the State of Louisiana, and/or the provisions of the Home Rule Charter of the City of New Orleans, and/or the municipal ordinances of the City of New Orleans.

## THIRD DEFENSE

Any actions taken by the defendants listed hereinabove were taken in good faith and without malice thereby entitling these defendants to the defense of qualified immunity.

## FOURTH DEFENSE

The defendants herein answer the specific allegations of plaintiff's complaint as follows, to wit:

I.

The allegations of paragraph 1. are denied.

II.

The allegations of paragraph 2 are denied for lack of sufficient information to justify a belief therein.

III.

The allegations of paragraph 3 are denied for lack of sufficient information to justify a belief therein.

IV.

The allegations of paragraph 4 are denied for lack of sufficient information to justify a belief therein.

V.

The allegations of paragraph 5 are admitted.

VI.

The allegations of paragraph 6 are admitted.

VII.

The allegations of paragraph 7 are denied for lack of sufficient information to justify a belief therein.

VIII.

The allegations of paragraph 8 are denied for lack of sufficient information to justify a belief therein.

IX.

The allegations of paragraph 9 are denied.

X.

The allegations of paragraph 10 do not call for an answer from defendants but, out of an abundance of caution, are denied.

XI.

The allegations of paragraph 11 are admitted.

XII.

The allegations of paragraph 12 are denied.

XIII.

The allegations of paragraph 13 are denied.

XIV.

The allegations of paragraph 14 are denied.

XV.

The allegations of paragraph 15 are denied.

XVI.

The allegations of paragraph 16 are denied.

XVII.

The allegations of paragraph 17 are denied.

XVIII.

The allegations of paragraph 18 are denied for lack of sufficient information to justify a belief therein.

XIX.

The allegations of paragraph 19 are denied for lack of sufficient information to justify a belief therein.

XX.

The allegations of paragraph 20 are denied for lack of sufficient information to justify a belief therein.

XXI.

The allegations of paragraph 21 are denied for lack of sufficient information to justify a belief therein.

XXII.

The allegations of paragraph 22 are denied.

## COUNT ONE

### XXIII.

For answer to paragraph 23, defendants reiterate and reaver their answers to paragraphs 1-22, which are incorporated herein by reference.

### XXIV.

The allegations of paragraph 24 are denied except that defendants admit the literal text of the various constitutional provisions cited therein.

### XXV.

The allegations of paragraph 25 are denied.

## COUNT TWO

### XXVI.

For answer to paragraph 26, defendants reiterate and reaver their answers to paragraphs 1-25, which are incorporated herein by reference.

### XXVII.

The allegations of paragraph 27 do not call for an answer from defendants but, out of an abundance of caution, are denied.

### XXVIII.

The allegations of paragraph 28 are denied.

### XXIX.

The allegations of paragraph 29 are denied.

### XXX.

The allegations of paragraph 30 are denied.

## COUNT THREE

### XXXI.

For answer to paragraph 31, defendants reiterate and reaver their answers to paragraphs 1-30, which are incorporated herein by reference.

### XXXII.

The allegations of paragraph 32 do not call for an answer from defendants but, out of an abundance of caution, are denied.

### XXXIII.

The allegations of paragraph 33 are denied.

### XXXIV.

The allegations of paragraph 34 are denied.

### XXXV.

For answer to paragraph 35, defendants reiterate and reaver their answers to paragraphs 1-34, which are incorporated herein by reference.

### XXXVI.

The allegations of paragraph 36 do not call for an answer from defendants but, out of an abundance of caution, are denied.

### XXXVII.

The allegations of paragraph 37 are denied.

### XXXVIII.

The allegations of paragraph 38 are denied.

## FIFTH DEFENSE

In the alternative, the cause in fact of the damages complained of was the acts of the plaintiff and/or their respective members, which acts should operate as a complete bar to or diminution of her recovery.

## SIXTH DEFENSE

In the further alternative, defendants affirmatively aver that any alleged injuries to plaintiff and/or their respective members were caused by persons or parties over whom defendants exercised no authority, jurisdiction, control, or supervision, and for whose actions defendants were not legally responsible.

## SEVENTH DEFENSE

Defendants specifically plead that they cannot be held liable for discretionary acts, or acts for which each would be entitled to qualified or discretionary immunity.

## EIGHTH DEFENSE

Defendants specifically plead that they are entitled to and protected by the qualified immunity afforded to public officials for acts committed during the course of their official duties.

## NINTH DEFENSE

Defendants aver that issues presented herein including, but not limited to, those pertaining to alleged violations of the Constitution of the United States and/or violations of the provisions of the Louisiana Constitution of 1974 and/or to those relating to any claim for injunctive relief are not moot.

**WHEREFORE** defendants, C. Ray Nagin, appearing herein solely in his official capacity as Mayor of the City of New Orleans, and Warren Riley, appearing herein solely in his official

capacity as Superintendent of the Department of Police of the City of New Orleans, pray that this

answer be deemed good and sufficient and that, after due proceedings had, there be judgment

herein dismissing plaintiffs' claims at their costs.

Respectfully submitted,

**JOSEPH V. DIROSA, JR. (4959)**
**CHIEF DEPUTY CITY ATTORNEY**
**HEATHER M. VALLIANT (24680)**
**ASSISTANT CITY ATTORNEY**
1300 Perdido St
City Hall - Rm 5E03
New Orleans, La. 70112
(504) 565-6200

**FRANZ ZIBILICH (14914)**
**ASSOCIATE CITY ATTORNEY**

**PENYA M. MOSES-FIELDS (24850)**
**CITY ATTORNEY**

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the foregoing pleading has been sent to all parties via U.S.

mail, postage prepaid, this 20th of September, 2006.

JOSEPH V. DIROSA, JR.