IN THE UNITED STATES DISTRICT COURT
FOR EASTERN DISTRICT OF LOUISIANA
New Orleans Division

| | | |
|---|---|---|
| NATIONAL RIFLE ASSOCIATION OF AMERICA, INC. AND SECOND AMENDMENT FOUNDATION, INC. | ) ) ) ) | |
| Plaintiffs | ) ) ) | |
| v. | ) ) ) ) | CIVIL ACTION NO. 05-4234 |
| C. RAY NAGIN, Mayor of New Orleans, and | ) ) | Hon. Carl J. Barbier Section "J" |
| WARREN RILEY, Superintendent of Police, New Orleans | ) ) ) | Magistrate 2 |
| Defendants | | |

**CONSENT ORDER GRANTING PERMANENT INJUNCTION
AND DISMISSAL OF REMAINING CLAIMS AGAINST DEFENDANTS,
C. RAY NAGIN AND WARREN RILEY**

**THIS MATTER** has come before this Court pursuant to the Complaint for Declaratory and Injunctive Relief filed herein on behalf of plaintiffs National Rifle Association of America, Inc. and Second Amendment Foundation, Inc. against C. Ray Nagin and Warren Riley, and the Joint Motion for Entry of Consent Order Granting Permanent Injunction and Dismissal of Remaining Claims Against Defendants, C. Ray Nagin and Warren Riley filed herein on behalf of the Plaintiffs and the Defendants.

**IT IS ORDERED, ADJUDGED AND DECREED** that, C. Ray Nagin, in his capacity as the Mayor of the City of New Orleans, Louisiana and Warren Riley, in his capacity as the duly appointed Superintendent of Police, and officers, agents, servants, and employees of the City, are hereby enjoined and ordered to cease and desist confiscating lawfully-possessed firearms from all citizens, including, but not limited to,

members of plaintiffs National Rifle Association of America, Inc. and Second Amendment Foundation, Inc.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that C. Ray Nagin, in his capacity as the Mayor of the City of New Orleans, Louisiana and Warren Riley, in his capacity as the Superintendent of Police of the New Orleans Police Department, shall attempt to return of any and all firearms which may have been confiscated during the period August 29, 2005, to December 31, 2005, by Defendants, their officers, deputies, agents, servants, and employees of all such persons from members of Plaintiff, National Rifle Association, Inc. or Plaintiff, Second Amendment Foundation, Inc., who lawfully possessed firearms; and all other persons who lawfully possessed them, utilizing the following procedures:

1. Within one month of the date of this judgment, the Defendants will cause to be conspicuously posted on the website for the City of New Orleans, a recitation of the procedure to be used by individuals seeking the return of their firearm. The website shall include either a form that the person can fill out which will cause the information to be transmitted to the appropriate representative of Defendants in charge of the firearm return or an email address by which persons seeking return of their firearm can transmit their claim. Additionally, it shall include a telephone number, a mailing address, and the physical address where the firearms are stored and may be retrieved.

2. Within one month from the date of this judgment, the Defendants shall mail notice to all persons to the address identified on the property tags of firearms in the Defendants' possession which were seized from August 29, 2005 through December 31, 2005.

3.      The Defendants shall relinquish possession of the firearm to the claimant upon the claimant presenting: a drivers license or other acceptable form of identification; the make, model and caliber of the firearm, including pre-Katrina identifying characteristics, if any, such as initials, commemorative markings, custom modifications, and the like which could be used to identify the firearm for which the person is seeking return; and a signature by the claimant on an affidavit or other form formulated by defendants, stating that he/she is the owner of the firearm. Proof of ownership by sales receipt or serial number is encouraged, but neither the presentation of the serial number of the firearm nor the presentation of a sales receipt will be required in order for a claimant to obtain possession of his/her firearm.

4.      For each claimant, the Defendants shall run a background check to be sure that the claimant is legally able to possess a firearm.   Defendants shall endeavor to run an instant background check, but in no circumstance should the check take longer than 3 business days.  Once the claimant is background cleared, the firearm will be returned. For those claimants that do not pass the background check, the firearm will be retained for the requisite period.

5.      Should the Defendants follow this procedure, they will be held harmless by the claimant in the event that a claim is made by another person for return of a firearm with a similar description. The Defendants may further require all claimants to sign an affidavit stating that he/she is the owner of the firearm and a "hold harmless" agreement in which the claimant agrees to indemnify and hold the Defendants harmless should a dispute arise as to ownership of a firearm returned under these procedures;

6.  Pending the return of the firearms to their rightful owners, the Defendants shall safeguard and maintain the firearms in such a manner as to prevent further damage to the firearms.

7.  If there are firearms remaining in the possession of the Defendants that have not been claimed two years after the date of this judgment, the Defendants are authorized to dispose of the firearms according to the Defendants' established procedures.

8.  The Court shall maintain jurisdiction over this matter concerning the Defendants' compliance with the terms of this consent judgment.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that as there is no just reason for delay, this Consent Order Granting Permanent Injunction and Dismissal of Remaining Claims Against Defendants, C. Ray Nagin and Warren Riley be entered immediately.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the remaining claims against C. Ray Nagin, individually and in his capacity as the Mayor of the City of New Orleans, Louisiana, and Warren Riley, individually and in his capacity as the Superintendent of Police for the City of New Orleans, in the Complaint for Declaratory Judgment and Injunctive Relief be and they are hereby dismissed, each party to bear its own costs.

New Orleans, Louisiana, this __9th__ day of _____October_____, 2008.

_____
United States District Judge